UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD A. BONNER,           ) | |
|     Plaintiff,           ) | Civil Action No. 3:21-cv-00911 |
|                            ) | Judge Trauger / Frensley |
| v.           ) | |
|                            ) | |
| UNITED PARCEL SERVICE,           ) | |
| NATIONAL DIAGNOSTICS, INC., and  ) | |
| TEAMSTERS LOCAL 480,           ) | |
|     Defendants.           ) | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND BACKGROUND

This matter is before the Court upon two Motions to Dismiss: the first, filed by Defendant Teamsters Local Union 480 ("Union") (Docket No. 7) and joined by Defendant United Parcel Service ("UPS") (Docket Nos. 10, 12); and the second, filed by Defendant National Diagnostics, Inc. ("National Diagnostics") (Docket No. 22). Along with their Motions, Defendants have contemporaneously filed supporting Memoranda of Law. Docket Nos. 8, 23.

Plaintiff, who is proceeding pro se, has filed a single Response, which the undersigned will construe as a Response to both Motions. Docket No. 31.

Defendant Union has filed a Reply (Docket No. 32), which Defendant UPS has joined (Docket Nos. 33, 34).

On October 13, 2021, Plaintiff filed a Complaint and Jury Demand against Defendants in the Circuit Court for Davidson County ("Circuit Court Action"), alleging that he was wrongfully terminated on the basis of a positive drug test that was not verified by a confirmation test, in violation of Tennessee's Drug-Free Workplace Act ("TDFWA"), Tenn. Code Ann. §§50-9-101

through 50-9-116. *See* Docket No. 1. Plaintiff also averred violations of the Collective Bargaining Agreement between Defendants UPS and Union. *Id.* On December 8, 2021, Defendant UPS removed the Circuit Court Action to this Court. *Id.*

Defendants Union and UPS argue that Plaintiff's Complaint should be dismissed because "Plaintiff's claim constitutes a 'hybrid §301' action against UPS and the Union, which is a federal cause of action subject to a six-month statute of limitations." Docket Nos. 7, 8, 10. Defendants Union and UPS argue that the statute of limitations has run, such that Plaintiff's claim is time-barred. *Id.* Defendants Union and UPS further argue that Plaintiff's Complaint fails to state a substantive claim against them upon which relief can be granted. *Id.*

Defendant National Diagnostics argues that Plaintiff's Complaint should be dismissed because Plaintiff's claims are applicable only to employers and employees, and Plaintiff does not allege that National Diagnostics was his employer.[1] Docket No. 22. Defendant National Diagnostics further asserts that Plaintiff fails to allege with any specificity exactly why it is named as a Defendant in this lawsuit, and it contends that it is not an appropriate Defendant in this matter and should be dismissed from this suit. Docket No. 23. Additionally, Defendant National Diagnostics argues that because Plaintiff does not allege that it was his employer, nor was it ever Plaintiff's employer, Plaintiff's Complaint fails to state a claim upon which relief can be granted. *Id.*

Plaintiff has filed a Response essentially reiterating the assertions of his Complaint. Docket No. 31. Plaintiff maintains that Defendant Union breached its duty of fair representation by

---

[1] Plaintiff, in his Response, states that National Diagnostics "is a third-party administrator that provides comprehensive drug testing and medical review officer (MRO) services whose corporate headquarters are located in Charlotte, North Carolina." Docket No. 31. Plaintiff states that National Diagnostics entered into an agreement with UPS to review and report the results of UPS's employee drug tests. *Id.*

2

denying his grievance and not pursuing it to arbitration. *Id.* Plaintiff further contends that Defendant UPS maintained a drug and alcohol-free workplace and states that he requested drug test results on April 8, 2017. He received his positive drug test result on November 19, 2019, was aware of the Union's allegedly wrongful conduct at that time, and filed a Charge with the National Labor Relations Board ("NLRB") on July 27, 2020, about the conduct. *Id.* Plaintiff also recounts earlier occasions when he avers that he asked the Union to process his grievance and it refused, including May 19, 2014, and February 23, 2016. *Id.*

Defendants Union and UPS have filed Replies incorporating by reference the contentions of their Motions and supporting Memoranda. Docket Nos. 32, 33. In its Reply, Defendant Union argues that Plaintiff's own statements in his filings establish that Plaintiff knew about the Union's alleged breach prior to April 13, 2021, and that accordingly, Plaintiff's claim against it is time-barred. Docket No. 32. Specifically, Defendant Union argues that Plaintiff not only knew about the Union's alleged refusal to process his grievance as early as 2014, but he also filed suit on it in 2017 and 2020, without ever naming the Union as a defendant in those suits, and that, consequently, the six-month statute of limitations bars his claim against the Union for breach of the duty of fair representation. *Id.* Defendant Union also argues that Plaintiff's purported state law TDFWA claim against it is pre-empted by the hybrid §301 claim, and even if that was not the case, Plaintiff's Complaint fails to state a claim against the Union under the TDFWA because there is no allegation that the Union is, or meets the criteria to be, a covered employer under that law. *Id.*

In its Reply, Defendant UPS argues that Plaintiff has failed to establish that UPS was a covered entity under the TDFWA. Docket No. 33. Defendant UPS argues that Plaintiff merely states that UPS maintains a drug-free and alcohol-free workplace, and that that statement offers no evidence that such a policy is specifically a part of the State's TDFWA program. *Id.*

3

For the reasons set forth below, the undersigned finds that Plaintiff's claims against Defendants UPS and Union are time-barred and that, because Defendant National Diagnostics was not Plaintiff's employer, Plaintiff cannot sustain his hybrid § 301 claims against it. The undersigned additionally finds that because neither the Union nor National Diagnostics were Plaintiff's employer, they cannot meet the definition of "covered employer" under Tenn. Code Ann. § 50-9-103(5), and Plaintiff has failed to allege that UPS participated in the notice, education, and procedural requirements necessary for UPS to be part of the State's TDFWA program, such that Plaintiff cannot sustain his State law TDFWA claim against them. Accordingly, the undersigned recommends that Defendants' Motions should be **GRANTED**, and this action should be **DISMISSED**.

## II. ALLEGATIONS OF THE COMPLAINT

### A. Factual Allegations

Plaintiff avers that he was an employee of UPS and a member of the Union Local 480 from 1983 until his termination in April 2013. Docket No. 1-1. During that time, Plaintiff avers that UPS contracted with National Diagnostics to provide drug testing and medical review officer ("MRO") services to UPS's employees.[2] *Id.* Plaintiff avers that while employed by UPS, he participated in a drug screen sometime in 2012, and that the result was positive for cocaine. *Id.* As a result of the positive test, Plaintiff completed a Substance Abuse Program, and was approved to return to work on December 14, 2012. *Id.*

Plaintiff avers that he was then subjected to additional evaluations and drug screens in violation of federal regulations governing drug testing and the Collective Bargaining Agreement. *Id.* Plaintiff asserts that the Union "sought relief" on his behalf through the Southern Region Area

---

[2] Plaintiff does not allege that he was ever employed by National Diagnostics.

4

Parcel Grievance Committee ("SRAPGC"), but the claim was denied. *Id.* Plaintiff contends that the Union then "denied arbitration" under Articles 7, 51, and 52 of the Collective Bargaining Agreement. *Id.*

Plaintiff's employment was terminated in April 2013. *Id.*

**B.     Prior Litigation Plaintiff Filed Related to the Instant Action[3]**

In his Complaint, Plaintiff notes the legal proceedings he's undertaken against Defendants after his termination as follows:

Plaintiff filed suit against Defendants UPS and National Diagnostics in the Middle District of Tennessee in December 2017, for breach of contract as a third-party beneficiary. Docket No. 1-1, Ex. A. The Court dismissed Plaintiff's case in 2018, and the Sixth Circuit upheld the dismissal in 2019. *Id.*

In February 2020, Plaintiff filed another action in this Court against Defendants UPS and National Diagnostics for violating his due process. *Id.* The Court dismissed his federal claims with prejudice and his State claims without prejudice. *Id.*

Plaintiff then sought relief under the Tennessee Worker's Compensation Act from the Tennessee Department of Labor and Workforce Development ("Department"). *Id.* Plaintiff averred in his Complaint that the Department's review determined that the parties had exhausted the benefit review conference process, and that determination allowed Plaintiff to seek relief through any State court of competent jurisdiction within 90 days. *Id.*

Thereafter, Plaintiff filed the instant action.

**III.     LAW AND ANALYSIS**

---

[3] The undersigned includes this procedural history herein because it is relevant, Plaintiff referred to these cases in his Complaint, the information is contained in public records, and this Court may take judicial notice of the prior related cases.

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B. 29 U.S.C. §185

Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, gives federal courts jurisdiction over cases alleging a violation of the Collective Bargaining Agreement between an employer and a labor organization.

When an employee sues his employer for breach of a Collective Bargaining Agreement and also sues his Union for breaching its duty to fairly represent him regarding that breach,[4] the combination of claims is characterized as a "hybrid §301" action. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164-65 (1983). The statute of limitations for a hybrid §301 case is six months. *Saunders v. Ford Motor Company,* 879 F.3d 742, 751 (6th Cir. 2018); *Garrish v. UAW*, 417 F.3d 590, 594 (6th Cir. 2005).

### C. Tenn. Code Ann. §§ 50-9-101 *et seq.*

Passed to promote drug-free workplaces, the Tennessee Drug-Free Workplace Act ("TDFWA") sets forth the notice, education, and procedural requirements for a "covered employer" to test its employees for drugs and alcohol use. Tenn. Code Ann. §§ 50-9-101 *et seq.* Specifically, the TDFWA provides:

> If an employer implements a drug-free workplace program in accordance with this chapter, which includes notice, education and procedural requirements for testing for drugs and alcohol pursuant to rules developed by the division, the covered employer may require the employee to submit to a test for the presence of drugs or alcohol and, if a drug or alcohol is found to be present in the employee's system at a level prescribed by statute or by rule adopted pursuant to this chapter, the employee may be terminated and forfeits eligibility for workers' compensation medical and indemnity benefits. However, a drug-free workplace program must require the covered employer to notify all employees that it is a condition of employment for an employee to refrain from reporting to work or working with the presence of drugs or alcohol in the employee's body and, if an injured employee refuses to submit to a test for drugs or alcohol, the employee forfeits eligibility for workers' compensation medical and indemnity benefits.

---

[4] A Union breaches its duty of fair representation only if its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

Tenn. Code. Ann. §50-9-101(b).

Significantly, the provisions of the TDFWA apply only to "covered employers," defined as follows:

> "Covered employer" means a person or entity that employs a person, is covered by the Workers' Compensation Law, compiled in chapter 6 of this title, maintains a drug-free workplace pursuant to this chapter and includes on the posting required by § 50-9-105 a specific statement that the policy is being implemented pursuant to this chapter. This chapter shall have no effect on employers who do not meet this definition.

Tenn. Code Ann. § 50-9-103(5).

### D. The Case at Bar

As discussed above, Plaintiff asserts a "hybrid §301" claim against Defendants UPS and Union. Specifically, Plaintiff sues his employer UPS for breach of a Collective Bargaining Agreement and also sues his Union for breaching its duty to fairly represent him regarding that breach. The statute of limitations for a hybrid §301 case is six months. *Saunders,* 879 F.3d at 751; *Garrish*, 417 F.3d at 594.

As recounted, *supra*, Plaintiff was an employee of UPS and a member of the Union Local 480 from 1983 until his termination in April 2013. Docket No. 1-1. Plaintiff participated in a drug screen sometime in 2012, and the result was positive for cocaine. *Id.* As a result of the positive test, Plaintiff completed a Substance Abuse Program, and was approved to return to work on December 14, 2012. *Id.* Plaintiff filed suit against Defendants UPS and National Diagnostics in the Middle District of Tennessee in December 2017, for breach of contract as a third-party beneficiary. Docket No. 1-1, Ex. A. The Court dismissed Plaintiff's case in 2018, and the Sixth Circuit upheld the dismissal in 2019. *Id.* In February 2020, Plaintiff filed another action in this Court against Defendants UPS and National Diagnostics for violating his due process. *Id.* The

Court dismissed his federal claims with prejudice and his State claims without prejudice. *Id.* Plaintiff then sought relief under the Tennessee Worker's Compensation Act from the Tennessee Department of Labor and Workforce Development ("Department"), and he thereafter filed the instant action.

Significantly, although the nucleus of facts and the claims are essentially the same throughout Plaintiff's litigation (namely, that Defendants UPS and National Diagnostics violated the procedures for drug testing UPS employees and Defendant Union improperly handled his grievance in beach of the Union's duty of fair representation), Plaintiff has not named or served Defendant Union prior to filing the instant action on October 13, 2021.[5] Because there is a six-month statute of limitations on hybrid §301 cases, in order for Plaintiff's claim to be timely, the alleged breach of the duty of fair representation must have occurred, or Plaintiff must have reasonably discovered such a breach, after April 13, 2021. Given that Plaintiff filed the instant action over eight years after his termination and over 16 months since the dismissal of his last case, the six-month statute of limitations has run, and Plaintiff's hybrid § 301 claims against Defendants UPS and Union are time-barred and should be dismissed.

With regard to Defendant National Diagnostics, National Diagnostics is neither Plaintiff's employer nor the Union; it is simply a third-party administrator that provides comprehensive drug testing and medical review officer services. Accordingly, it cannot be liable under a hybrid § 301 claim, and that claim should be dismissed.

Even if Plaintiff's hybrid § 301 claim was not time-barred, however, a union breaches its

---

[5] In his second federal action (filed in February 2020), Plaintiff named the International Brotherhood of Teamsters, which is an international union based in Washington, D.C. and with which Local 480 is affiliated. Although the two entities are affiliated, they are separate legal entities, and the instant action is the first to name Local 480 as a Defendant.

duty of fair representation only if its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca,* 386 U.S. at 190. Plaintiff does not so aver. In fact, the only allegations Plaintiff avers in his Complaint of any conduct by Defendant Union are that 1) a Union business agent signed his rehabilitation agreement; 2) the Union sought relief on Plaintiff's behalf from the Grievance Committee (which denied the claim); and 3) the Union denied arbitration. Docket No. 1-1. Because Plaintiff does not aver that any of the Union's actions were "arbitrary, discriminatory, or in bad faith," nor do the actions give rise to such characterization, Plaintiff would be unable to sustain his claim against the Union.

Because Plaintiff cannot sustain his federal claim, to the extent that Plaintiff asserts a State law TDFWA claim, the Court should decline to exercise supplemental jurisdiction over that claim. Should the Court consider whether Plaintiff can sustain his TDFWA claim, however, as discussed above, Tenn. Code Ann. §§ 50-9-101 through 50-9-116 is applicable only to "covered employers." Because neither the Union nor National Diagnostics is Plaintiff's employer, Plaintiff cannot sustain a TDFWA claim against them. With regard to UPS, while Plaintiff generally states that UPS maintains a drug-free and alcohol-free workplace, Plaintiff offers no specific allegations that UPS participated in the notice, education, and procedural requirements necessary for it to be part of the State's TDFWA program. Absent allegations that UPS is part of the State's TDFWA program, it cannot be held liable under its provisions.

### III. CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's claims against Defendants UPS and Union are time-barred and that, because Defendant National Diagnostics was not Plaintiff's employer, Plaintiff cannot sustain his hybrid § 301 claims against it. The undersigned additionally finds that because neither the Union nor National Diagnostics were

10

Plaintiff's employer, they cannot meet the definition of "covered employer" under Tenn. Code Ann. § 50-9-103(5), and Plaintiff has failed to allege that UPS participated in the notice, education, and procedural requirements necessary for UPS to be part of the State's TDFWA program, such that Plaintiff cannot sustain his State law TDFWA claim against them. Accordingly, the undersigned recommends that Defendants' Motions should be **GRANTED**, and this action should be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**