# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **REGINALD A. BONNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00911** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED PARCEL SERVICE,** | ) | |
| **NATIONAL DIAGNOSTICS, INC., and** | ) | |
| **TEAMSTERS LOCAL 480,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court is *pro se* plaintiff Reginald Bonner's "Response to the Motion to Dismiss" (Doc. No. 36), which the court construes as the plaintiff's objections to Magistrate Judge Frensley's Report and Recommendation ("R&R") (Doc. No. 35). The R&R recommends that the court grant the Motion to Dismiss filed by defendant Teamsters Local Union 480 ("the Union") (Doc. No. 7), joined by defendant United Parcel Service ("UPS") (Doc. Nos. 10, 12), and the separate Motion to Dismiss filed by defendant National Diagnostics, Inc. ("NDI") (Doc. No. 22).

For the reasons set forth herein, the court will overrule the objections, grant the Motions to Dismiss, and dismiss this case in its entirety, with prejudice.

## I.    PROCEDURAL BACKGROUND

Bonner—who at the time was represented by counsel—filed a Complaint and Jury Demand against the three defendants in the Circuit Court for Davidson County ("State Court Action"), alleging that he was wrongfully terminated from his employment at UPS in 2013, on the basis of a positive drug test that was not verified by a confirmation test, in violation of Tennessee's Drug-Free Workplace Act ("TDFWA"), Tenn. Code Ann. §§ 50-9-101through 50-9-116. (Doc. No. 1-

1 ("Compl.").) Bonner also asserts violations of the Collective Bargaining Agreement ("CBA") between UPS and the Union, based primarily on allegations that the Union denied his grievance related to his drug testing and termination and refused to pursue it to arbitration. UPS removed the State Court Action to this court on December 8, 2021. (Doc. No. 1.)

The defendants filed their Motions to Dismiss in lieu of answering the Complaint. Due to the withdrawal of plaintiff's counsel and other issues, Bonner was delayed in responding to the motions. After the court referred the motions to the Magistrate Judge for resolution, the plaintiff ultimately filed a single Response to both motions (Doc. No. 31), in which he largely reiterates the allegations in his Complaint without responding to the defendants' arguments. The Union filed a Reply brief, joined by UPS. (Doc. Nos. 32–34.)

According to the Complaint, the factual allegations of which the court accepts as true for the purposes of the defendants' Motions to Dismiss, the plaintiff was employed by UPS and was a member of the Union from 1983 until his termination in April 2013. (Compl. ¶¶ 2, 4.) During that timeframe, UPS contracted with NDI as a "third-party administrator" that provided drug testing and medical review officer services to UPS employees, in accordance with the CBA. (*Id.* ¶¶ 3–4.) In August 2012, the plaintiff participated in a drug screen that yielded a false positive test for cocaine.[1] The plaintiff alleges that NDI failed to comply with DOT regulations in a number of ways in handling his test result and notifying him about the result. (*Id.* ¶¶ 8–13.) He eventually received notice of the test result and was informed that he would be required to participate in a substance abuse program. (*Id.* ¶ 14.) Bonner completed the substance abuse program and was approved to return to work on December 14, 2012. (*Id.* ¶¶ 15–19.)

---

[1] The plaintiff does not actually state that the result was a false positive, but he implies as much.

After his return to work, the plaintiff was subjected to additional drug screens and evaluations that he believes were in violation of the federal regulations and the CBA. (*Id.* ¶¶ 20–21.) The Union sought relief on his behalf through the Southern Region Area Parcel Grievance Committee, but the grievance was denied. (*Id.* ¶ 22) Bonner contends that the Union then "denied arbitration" in violation of the terms of the CBA. (*Id.* ¶ 23) Bonner's employment was terminated in April 2013 for "allegedly failing a drug screen." (*Id.* ¶ 24.)

The plaintiff asserts that UPS "maintains a drug free workplace program" pursuant to which employees cannot be fired on the sole basis of a positive drug test that has not been verified by a confirmation test. (*Id.* ¶¶ 29–30.)

Based on these facts, the plaintiff asserts claims against the defendants collectively for violating the CBA, as well as the TDFWA, Tenn. Code Ann. §§ 50-9-101through 50-9-116.

The plaintiff also enumerates in his Complaint the other legal actions he has pursued following his termination in 2013, all apparently based on the same basic facts as those upon which his current suit relies. He states that he sued UPS, NDI, and American Substance Abuse Professionals when his employment was terminated in April 2013. He does not identify the venue or the outcome of that litigation. He sued UPS, NDI, and the International Brotherhood of Teamsters ("IBT")[2] in the United States District Court for the Middle District of Tennessee in December 2017, Case No. 3:17-cv-1586, but the court dismissed the claims against UPS and NDI based on the plaintiff's failure to show that he was an intended third-party beneficiary of the contract between UPS and NDI. The Sixth Circuit affirmed in March 2019, and the plaintiff

---

[2] As the R&R notes, the IBT is an international union based in Washington, D.C. with which the Local 480 is affiliated. Although the two entities are affiliated, they are separate legal entities, and the instant action is the first to name the Local 480 as a defendant.

voluntarily dismissed his claims against the IBT.[3] (*See* Compl. ¶¶ 25–26.)

In February 2020, Bonner filed another action in this court against UPS, NDI, IBT, and a number of other defendants, asserting a claim against UPS and NDI for violating Bonner's right to due process by mishandling the drug testing procedure and a state law claim against IBT for violation of the CBA, among possible others. The court dismissed the federal claim for failure to state a claim for which relief may be granted and declined to exercise jurisdiction over any possible state law claims. *Bonner v. National Diagnostics, Inc.*, No. 3:20-cv-00162 (M.D. Tenn. May 22, 2020) (Order and Memorandum Opinion). (*See also* Compl. ¶ 27.)

In the present Complaint, the plaintiff alleges that he next "obtained relief from the Department of Labor and Workforce Development Bureau of Workers' Compensation Mediation and Ombudsman Service of Tennessee, who after reviewing his matter, determined that the parties have exhausted the benefit review conference process. (Compl. ¶ 28.) The plaintiff does not indicate when this occurred, but he contends that this determination gave him ninety days to "seek relief through any state court of competent jurisdiction." (*Id.*)

## II.    THE R&R

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, gives federal courts jurisdiction over cases alleging a violation of a collective bargaining agreement between an employer and labor union. Cases in which an employee sues his employer for breach of a collective bargaining agreement and sues his union for breaching its duty to fairly represent him in connection with that breach are characterized as "hybrid § 301/fair representation" or simply "hybrid § 301" actions. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983);

---

[3] The plaintiff does not identify the dates or the docket number of his previous cases in this court, but the court takes judicial notice of them as public records.

*Saunders v. Ford Motor Co.*, 879 F.3d 742, 751 (6th Cir. 2018). Hybrid § 301 actions are subject to a six-month statute of limitations. *Saunders*, 879 F.3d at 751; *Garrish v. UAW*, 417 F.3d 590, 594 (6th Cir. 2005). The R&R construes the Complaint as stating a hybrid § 301 action against UPS and the Union and recommends that the claim be dismissed as absolutely barred by the statute of limitations, "[g]iven that Plaintiff filed the instant action over eight years after his termination and over 16 months since the dismissal of his last case." (Doc. No. 35, at 9.) Insofar as the claim is also asserted against NDI, the R&R finds that it is subject to dismissal for the additional reason that NDI is not a union and was never Bonner's employer, as a result of which it cannot be liable in a hybrid § 301 action. The R&R also finds that the plaintiff would not be able to sustain his claim on the merits against the Union, because he does not allege facts showing that its actions were "arbitrary, discriminatory, or in bad faith." (*Id.* (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).)

The R&R recommends that the court decline to exercise supplemental jurisdiction over the claim based on violations of the TDFWA and that such claim be dismissed without prejudice, in light of the dismissal of the federal hybrid § 301 claim. Alternatively, the R&R recommends dismissal of this claim on the basis that the TDFWA applies only to employers who qualify as "covered employers," as defined in Tenn. Code Ann. § 50-9-103(5), and that the plaintiff fails to allege that the Union or NDI was his employer at all and fails to allege facts showing that UPS was a "covered employer" under that definition. (Doc. No. 35, at 10.)

## III.   STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation any "party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R.

Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## IV. THE OBJECTIONS

The construed objections are timely, but they are addressed primarily to the plaintiff's contention that UPS did, in fact, "participate[] in the Notice, Education, and Procedural Requirement[]s" necessary for it to qualify as a "covered employer" under the TDFWA . (Doc. No. 36, at 3.) The plaintiff also continues to argue that UPS and NDI mishandled his drug test

results, failed to appropriately notify him of the results in a timely fashion, failed to conduct confirmatory testing, and generally violated state law and federal regulations in myriad ways. Attached to the objections are numerous exhibits intended to support these assertions. (Doc. No. 36, at 7–65.)

In response to the plaintiff's objections, UPS[4] and the Union have both filed Responses, generally arguing that the plaintiff's objections are insufficiently specific, do not identify the portions of the R&R to which the plaintiff objects or the basis for his objections, rehash arguments already raised and rejected, and improperly introduce evidence that was not before the Magistrate Judge. (Doc. Nos. 37, 38.)

## V.     ANALYSIS

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's failure to respond substantively to the arguments made in the Motions to Dismiss, and his failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status or his lack of education. The objections in this case are not sufficiently specific to warrant *de novo* review. *Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The court has nonetheless reviewed the entire record *de novo* and finds that the plaintiff's claims are subject to dismissal.

Regarding the hybrid § 301 claim, the court accepts the Magistrate Judge's

---

[4] UPS's response is actually styled as a "Motion to Strike, or in the Alternative, Motion in Response to Plaintiff's Objection." (Doc. No. 37, at 1.) The filing was docketed simply as a reply to the plaintiff's response to the R&R, and the court construes it as a response to the plaintiff's objections. To the extent the filing was intended as a motion, it will be denied in its entirety.

recommendation that the claim be dismissed as absolutely barred by the six-month statute of limitations. The court accepts as true the plaintiff's assertion that he was unfairly terminated, but it is simply beyond dispute, based on the facts as alleged in the Complaint, that the plaintiff's claim is barred by the statute of limitations. The law is clear that a hybrid § 301 action accrues, for purposes of the running of the six-month limitation period, when an "employee discovers, or should have discovered with [the] exercise of due diligence, acts giving rise to the cause of action"—that is, when he reasonably "should know that the union has abandoned [his] claim." *Saunders*, 879 F.3d at 751 (quoting *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 757 (6th Cir. 1996)). The grievance process on which the plaintiff's claim is based appears to have taken place in 2013, around the time his employment was terminated. It is unclear when the grievance process terminated, but Bonner clearly knew about the alleged violations of the CBA and the Union's purported failure to adequately pursue his grievance well before he filed his first federal lawsuit in 2017, and he provides no basis for equitable tolling of the limitation period. Because Bonner knew of the acts giving rise to his cause of action many years before he filed this lawsuit in October 2021, the claim premised upon UPS's alleged breach of the CBA and the Union's alleged failure to adequately represent him in connection with that breach will be dismissed with prejudice as barred by the statute of limitations.

The plaintiff's claim under the TDFWA is also subject to dismissal, but for a reason more fundamental than his failure to adequately allege that any defendant is a covered employer: the plain language of the statute does not confer a private right of action upon individual employees claiming that their employer violated it. *Accord Daugherty v. Cmty. Health Sys., Inc.*, No. 3:17-CV-196, 2018 WL 3673169, at *11 (E.D. Tenn. Aug. 2, 2018) (dismissing TDFWA claim on this basis); *Bone v. CSX Intermodal, Inc.*, No. 01-2245V, 2001 WL 1906279, at *2 (W.D. Tenn. Oct.

11, 2001) ("[T]ennessee's Drug-Free Workplace Program Act does not expressly grant a cause of action to an employee and . . . the legislature did not intend to create a private cause of action."). Thus, irrespective of whether the plaintiff might hypothetically be able to amend his pleading to allege facts showing that UPS, at least, qualifies as a "covered employer" under the TDFWA, this claim must be dismissed with prejudice as well.

## VI.    CONCLUSION

The plaintiff's construed objections to the R&R will be overruled. The court will accept the R&R's recommendation that the Motions to Dismiss be granted and that the Complaint be dismissed, for the reasons set forth herein. This case will be dismissed in its entirety, with prejudice, thus barring the plaintiff from continuing to bring suit against the same defendants again based on the same events.

To the extent UPS's response to the objections constitutes a motion, it will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge